*206 The opinion of the court was delivéred by
Tilghman, C. J.
This case depends on the will of William Elliott, deceased, who devised the land in dispute to his son Robert, and his heirs, after the death of the testator’s wife, to whom he had given an estate for life. Then comes the claims on which the question arises. “ In case my son Robert depart this life before he is of age, or without lawful issue, I order and direct that my son, William Elliott, and his heirs, may have the plantation that is by this will devised to his brother Robert, William first paying, or otherwise satisfying, the legatees herein named, the sum of fifteen hundred pounds, Pennsylvania currency, viz. my sons, John, William, Archibald, and George, and also my daughters, Margaret, Mary, Polly, Jane, and Barbara, or their heirs, share alike; and in case my son William will not accept the plantation aforesaid, under the condition above mentioned, in that case my son George may have it, subject to the same terms as above mentioned, and on the refusal of George to take the same, it shall be sold by my executors, for the best price-that can be had, and the money arising from the same divided, as before mentioned; it is also to be considered as my will, if any of my daughters, viz. Polly, Jane, and Barbara, or my son, Archibald, depart this life before they are of age, or without lawful issue, in that case, the shares or share of the deceased to be equally divided between the survivors of my daughters, Polly, Jane, and Barbara, also my sons, Archibald and Robert, and their heirs.” Robert attained the age of twenty-one, and died without issue; but previous to his death, the land above devised to him was levied on, and sold, by virtue of executions issued by several creditors, who had obtained judgments against him. Joseph Welsh, the defendant in this ejectment, claims under the sheriff’s sale. The plaintiffs are the heirs of William Elliott, son of the testator, and make title under the devise to William, after the death of his brother, Robert, without issue. If the- case had rested solely on the devise to Robert in fee, with a devise over to William, in case of Robert’s dying before twenty-one, or without issue, it would have been too plain to admit of argument. That the estate in fee of Robert would have become indefeasible, either by his attaining .the age of twenty-one, or having issue, has been so repeatedly decided, that on that point I will only refer to two cases, Holmes v. Holmes, in this court, 5 Binn. 552, and Hauer v. Sheetz, in the High Court of Errors and Appeals, 2 Binn. 532. This construction is conceded by the counsel for the plaintiffs. But he has very ingeniously urged an argument, (the only one certainly which his case admitted,) founded on the subsequent words of the will, by which it is provided, that in case the land should be sold by the testator’s executors, and either of his daughters, Polly, Jane, and Barbara, or his son, JLrchibald, should die before the age of twenty-one, or without issue, then the share or shares of the deceased is, or are, *207 to be divided between the survivors of his said daughters, and his sons, Archibald and Robert, and their heirs. Here, it is contended, is an express proyision for the children of Robert; and, therefore, the testator foresaw, and provided for the case of Robert’s dying, and leaving issue, and yet of the estate’s going over frotn that issue. It was remarked, and truly, that the main reason for changing the natural disjunctive meaning of the word or, in devises of this kind, and construing it as if it had been the copulative, and, was to avoid the improbable supposition, that the testator intended to disinherit the issue of the first taker, in case he died before twenty-one, leaving issue. But, however improbable such an intent might be, when doubtful expressions are made use of, yet, when the intent is explicitly declared, it must prevail. This is not to be denied. Had the testator here said, in express terms, the land devised to Robert shall go over to' William, in case Robert shall die before twenty-one, even though he leave issue, it must have gone over. Where the intent is plainly expressed, there is no room for presumption. But, upon examining the whole clause, I do not not think there is any manifest intent which should induce the court to depart from the usual construction of the words in question. In the first place, the land was to go over to William, on certain conditions, with which, ■ if he refused to comply, it was to go to George, and in neither case was any notice taken of the children of Robert. But if George refused to take it, on the prescribed conditions, it was to be sold by the executors, and then, on the contingency of some of the children dying before twenty-one, and without issue, a small portion was to go to Robert, or his heirs. This is a very poor provision for the children of Robert; but the devise is so expressed, as to involve an absolute impossibility; and, therefore, it really seems as if the name of Robert must have slipped in by accident, or extreme ignorance of the person who drew the will, or at least without any meaning of the testator. The land is not to be sold, unless Robert dies without issue, and yet Robert is to have part of the proceeds of the sale, if he should happen to be living, and if dead, it was to go to his heirs. From such a confusion of intent, it cannot be inferred with certainty that the testator had the children of Robert in view. Indeed, he does not mention his children, but his ‘heirs.’ Now, in case he had died before twenty-one, and without issue, although there would have been no children, yet there would have been heirs of Robert. So that, giving the words of the devise to Robert their usual construction, (that is, construing or as and,) yet, if he had died before twenty-one, without issue, the estate would have gone over, and might have been sold by the executor's, and a portion of the proceeds been distributed among his heirs. But, although the expressions relied on by the counsel for the plaintiffs might have been thus satisfied, without any provision being made or intended for the *208 children of Robert, yet I do not lay much stress on an argument which supposes a longer train of thought than probably entered into the head of the testator. What weighs with me, is the great uncertainty, whether he really had an intent to provide for the children of Robert, on any contingency to take place, after their father had attained the age of twenty-one. I cannot say, that I perceive such an intent with sufficient clearness to make this C3se an exception to the general rule of construction. I am of opinion, therefore, that on Robert’s attaining the age of twenty-one, he had an estate in fee simple indefeasibly. That being the case, the title of the defendant is good, and the judgment which was rendered for the plaintiffs must be reversed.
Judgment reversed.