## *I* Beetim *against* Buchanan. ·

A bond given to a sheriff for the purchase money of a tract of land sold by him, which was conditioned for the payment of a certain sum on a certain day, or according to the decree of the court, is discharged by the payment of that sum at the time the decree of the court was finally made : and the sheriff is not entitled to recover interest from the day certain in the condition of the bond to the date of the final decree.

ERROR to the common pleas of *Cumberland* county.

This was an action of debt on bond by George Beetim, Esq. for the use of the Bank of Chambersburg and the Bank of the United States, against James Buchanan, Esq., in which the following special verdict was found :

*William Ramsey, Esq. was in his lifetime seised of several parcels* of land and real estate.　A judgment was obtained by the Bank of Chambersburg against said Ramsey in his lifetime ; and another in favour of the Pennsylvania Agricultural and Manufacturers' Bank, for the use of the Bank of the United States against said Ramsey in his lifetime : both of which judgments were liens on that part of the real estate of said defendant (William Ramsey) hereafter described, prior in date to the mortgage hereafter mentioned of said Ramsey to the defendant, James Buchanan, Esq.　That the said James Buchanan held the bond of the said William Ramsey for 3000 dollars ; to secure the payment of which he held a mortgage executed by said Ramsey in his lifetime regularly recorded, but posterior in date to the aforesaid judgments, upon real estate of said mortgagor, situate in North Middleton township, at Sterrett's Gap. After the death of said Ramsey, the said James Buchanan obtained judgment against the administrator of said Ramsey on said mortgage bonds, issued executions, and sold the said mortgaged premises ; which were struck off by the sheriff of Cumberland county to the said James Buchanan for the sum of 3000 dollars, on the 13th of June 1832.　On the same day C. B. Penrose, Esq., on behalf of said Buchanan, executed and delivered to said sheriff, George Beetim, Esq. his judgment bond, conditioned " for the payment of said sum of 3000 dollars, on or before the 15th of August 1832, or according to the decree of the court ;" on which said last mentioned day the said sheriff executed and delivered a deed in due form of law for said premises to said Buchanan, who took possession, and has held the same, and received the rents and profits thereof ever since.　The said William Ramsey died largely indebted ; and application was made on the part of several of his creditors for a rule upon said sheriff to bring said purchase money into court for appropriation ; and

[Beetim v. Buchanan.]

on the 17th of August 1832, by consent of parties, the said purchase money, although not actually paid to the sheriff, was considered as in court, and a rule for the appropriation thereof was made by the court. The same rule came on for argument on the 19th of August 1833 ; and the court on that day made a final decree : from which an appeal was taken to the supreme court by creditors of said Ramsey other than the parties to this action. The supreme court on the      day of June 1834, affirmed the decree of the court of common pleas, except so far as to give the said Bank of Chambersburg the whole of the debt (after deducting the dividends on the bank stock in said bank, held by the said William Ramsey's estate) out of the said purchase money, instead of the balance only of its debt after deducting both stock and dividends. The stock of said Ramsey remained unsold until September 1834, and dividends thereon from November 1832 to May 1834 exclusive, amounting to 108 dollars, were declared and credited by said bank. The sum payable to the Bank of Chambersburg on its judgment out of said purchase money, agreeably to the decree of the supreme court, is 1165 dollars and 27 cents, with interest thereon from the 2d of August 1829 ; and the sum payable, agreeably to said decree, on the judgment of the Bank of the United States out of said purchase money, is 396 dollars 51 cents, with interest thereon from the 11th of November 1828. On the 22d of September 1834, the said James Buchanan, Esq. paid to the said Bank of Chambersburg the balance of the principal and interest due on their judgment on the 15th of August 1832, excepting 108 dollars, the amount of the dividends before mentioned ; which he alleges should be applied, together with the stock aforesaid, to his use from that date, as per statement hereto annexed, marked A. He has also paid to the Bank of the United States the balance of principal and interest due on their judgment on the said 15th of August 1832. The said banks respectively claim interest on the several judgments from the said 15th of August 1832 up to the said 22d of September 1834, the time of said payments by defendant, as per statement marked B and C; and especially does the Bank of Chambersburg claim to hold the said 108 dollars of dividends on account of the interest which accrued on their judgment against said Ramsey, after said 15th of August 1832. The said James Buchanan admits his liability in this suit to pay such sums as the said banks respectively are entitled to receive under and by virtue of said sale and final decree, as fully as the said banks would be entitled to recover of said C. B. Penrose, if suit had been brought against him the said Charles B. Penrose, on the aforesaid bond, in the name of the said George Beetim, Esq. for the use of the said banks ; but he denies the right of said banks, or either of them, to recover interest for their debt or any part thereof after the 15th day of August 1832. It is agreed by the parties that the court shall render such judgment on this special verdict as the facts stated will warrant, according to the legal rights of the parties respectively.

[Beetim v. Buchanan.]

## A.

### Bank of Chambersburg *v.* William Ramsey.

| | | |
|---|---|---|
| Balance due 22d August 1829, - - - | | $1,165 27 |
| Interest from 22d August 1829 till 15th August 1832, | | 208 58 |
| | | 1,373 85 |
| Deduct dividends of November 1829, May and November 1830, May and November 1831, and May 1832: each 27 dollars, - - - - - | | 162 00 |
| | | 1,211 85 |
| 1834, September 22.—By cash from Mr Buchanan, proceeds of sale of bank stock, through his attorney, C. B. Penrose, Esq. | $861 03 | |
| Cash from C. B. Penrose, Esq. - - | 242 82 | 1,103 85 |
| | | 108 00 |
| Amount of dividends declared on the bank stock, between 15th August 1832 and 22d September 1834, and which Mr Buchanan claims to be credited with, as so much money paid by him, but which the Bank of Chambersburg claims to retain in part of the interest accrued on their judgment, between the 15th day of August 1832 and 22d September 1834, - - - - | | 108 00 |

## B.

### Bank of Chambersburg *v.* William Ramsey.

| | | |
|---|---|---|
| Balance due 22d August 1829, - - - | | $1,165 27 |
| Interest from 22d August 1829 till 22d September 1834, | | 355 60 |
| | | 1,520 87 |
| Deduct dividends declared between 22d August 1829 and 22d September 1834, - - - - | | 270 00 |
| Balance due Bank of Chambersburg on 22d Sept. 1834, | | 1,250 87 |
| 1834, September 22.—By cash from Mr Buchanan, per sheriff of Franklin county, | $861 03 | |
| Cash from Mr Buchanan, per C. B. Penrose, | 242 83 | 1,103 85 |
| Sum, claimed by Bank of Chambersburg, as still due to it, with interest from 22d September 1834, - - | | 147 02 |

[Beetim v. Buchanan.]

### C.

Bank of the United States *v.* William Ramsey.

| | | | | |
|---|---|---|---|---|
| Balance due 11th November 1828, | - | - | - | $396 51 |
| Interest till 22d September 1834, | - | - | - | 139 50 |
| | | | | 536 01 |
| 1834, September 22.—By cash from Mr Buchanan, per Mr Penrose, | - | - | - | 486 06 |
| Sum claimed by Bank of the United States, as still due to it, with interest from 22d September 1834, | | | - | 49 95 |

The court below (Reed, president) rendered a judgment for the defendant.

*Williamson* and *Carothers,* for plaintiffs in error.
*Penrose,* for defendant in error.

The opinion of the Court was delivered by

ROGERS, J.—The extent of the defendant's liability must be measured by the condition of the bond given to the sheriff to secure the payment of the purchase money at the return of the writ, or according to the decree of the court. The condition of the bond is in the alternative, and it cannot be denied that the defendant has literally complied with one of the conditions, by payment at the final decree. In Stewart *v.* Stocker, 13 *Serg. & Rawle* 205, it is said, that interest is never demandable unless money is unlawfully withheld. And if so, there is no pretence to say that the creditors are entitled to interest. The property purchased was sold by the sheriff, and the purchase money, so far as regards the creditors, was in his hands. The creditors were at liberty to rule him to bring the money into court ; and they did what was equivalent to it, for they agreed that the money should be considered in court. After this agreement, I see no grounds for complaint : as it is not alleged that the money was improperly withheld from them ; but, on the contrary, was forthcoming when the final decree was made, when alone they were entitled to receive it. They were in no worse situation than they would have been if the money had been actually deposited in court, to await its order ; and if they were, it was but the consequence of their own agreement. But it is said that the defendant took possession of the property, and received the rents and profits ; but I do not perceive in what respect this strengthens the case of the creditors. This was an arrangement between the sheriff and the purchaser, without detriment to any right of theirs, and not affecting their interests. Had the purchaser failed to pay, the sheriff was answerable to them. The sheriff looks to the purchaser, and the cre-

[Beetim v. Buchanan.]

ditors to the sheriff. The purchaser cannot be made liable to a greater extent than the sheriff, unless on the ground of an express contract; and no such contract has been shown, or even alleged. But that the sheriff would not be liable to interest, under the circumstances stated, is clear from the case of Stewart *v.* Stocker, already cited.

Judgment affirmed.