## Feger *against* Keefer.

A sale of land upon an erroneous judgment, which is afterwards reversed, vests a good title, clear of incumbrances, in the purchaser.

ERROR to the common pleas of *Northumberland* county.

Conrad Feger against Christian Trump and John Feger, with notice to Jacob Kroh and George Keefer, terre-tenants.

*Greenough*, for plaintiff in error, cited 2 *Penns. Bl.* 399; 1 *Penns. Rep.* 20; 1 *Binn.* 105; 2 *Serg. & Rawle* 490; 2 *Rawle* 231.

*Donnel*, for defendant in error, cited 3 *Penns. Rep.* 98; 13 *Serg. & Rawle* 213; 2 *Serg. & Rawle* 156; 5 *Serg. & Rawle* 65; 1 *Serg. & Rawle* 540; 6 *Serg. & Rawle* 296; 2 *Binn.* 47; 7 *Serg. & Rawle* 269; 5 *Serg. & Rawle* 211; *Str. Purd.* 385; 3 *Watts* 548; 4 *Watts* 270, 284.

The opinion of the Court was delivered by

HUSTON, J.—Case stated on an *alias scire facias* to revive a judgment.

The case is: the plaintiff showed a deed dated the 1st of June 1830, from Jacob Kroh and wife to John Feger; consideration 600 dollars. On the 12th of October 1831, John Feger, by deed, conveyed an undivided moiety of the same property to Christian Trump; consideration 300 dollars. On the 23d of October 1834 these deeds were recorded.

No. 20 of January term 1832, there was entered a judgment on the docket of the common pleas of Northumberland county. Conrad Feger *v.* Christian Trump and John Feger. Judgment on bond and warrant of attorney dated the 8th of October 1831, per penal sum 600 dollars; real debt, 300 dollars; payable on the 1st of April 1832, with interest from the 8th of October 1831. Entered on the 9th of December 1831.

No. 47, of April, 1835. Conrad Feger *v.* Christian Trump and John Feger, with notice to terre-tenants. *Scire facias* to revive judgment and continue the lien on one hundred and thirty acres of land, &c., being the same land embraced in preceding deeds. Returned "*tarde venit.*"

No. 43, of August, 1835. Conrad Feger *v.* Christian Trump and John Feger, with notice to Jacob Kroh and others, terre-tenants. *Alias scire facias* to revive judgment and continue the lien on one hundred and thirty acres of land; (describing it:) it was the land sold by the above recited deeds. Returned *nihil* as to Christian

VI.—2 N

Trump and John Feger, but notice given to Jacob Kroh and George Keefer, terre-tenants. Donnel appeared for all the defendants.

After several pleas and issues it was agreed, at August term 1836, to state this case, of which the above was shown by the plaintiff. At this time (August 1836) it was agreed that the judgment be rendered against Christian Trump and John Feger, without affecting George Keefer and the lands described in his plea. That the name of Jacob Kroh be stricken out by consent: that all pleas, replications and demurrer be withdrawn, except the special plea of Keefer.

What is shown above, and the facts in that plea, made this case. The plea of Keefer set out the judgment of Abraham M'Kinney: the transcript filed: the several writs of *scire facias* and judgment thereon: the *fieri facias* and levy, &c., and *venditioni* and sale as in the last case: but it went further and showed the sale of the lands in question to Jacob Kroh for 245 dollars: that a sheriff's deed to Jacob Kroh was acknowledged on the 15th of April 1833, and that on the 1st of May 1833, Jacob Kroh and wife executed and delivered a deed for said land to Keefer. This last deed is not yet recorded.

But it was decided many years ago, 1 *Dall.* 68–9, that the acknowledgment of a sheriff's deed in court, and the record of such acknowledgment, was equivalent to recording a deed from one private person to another. Now, though there were some strong objections to this; for who, in looking for a deed recorded from A. B., the person to whom the title is traced, and finding none, would think of going to the docket of the common pleas to look over the records of J. S., P. R. and S. N., &c., the several sheriffs for the last twenty years? but the law, as settled in the case cited, has been recognised so long and so often by courts, that we cannot now question it.

When Christian Trump purchased from John Feger there was nothing on the record showing any lien but this thing, called a transcript, from the docket of A. M'Kinney, Esq.; and if he had recorded his deed as he ought to have done, the judgment on the *scire facias*, which is the first thing having the semblance of legality, being long after this sale to Trump, that judgment would not have bound his moiety of the land. It is not stated that Feger or Trump resided on the land, or that Kroh or Keefer had any knowledge of Trump's purchase

The sheriff's deed to Kroh was, according to the decision above cited, recorded, and thus Kroh appeared as a purchaser under a judgment and execution. Keefer bought from Kroh before Trump's deed was put on record, and, for all that appears, entirely ignorant of any title in bond or claim by him; for the judgment entered by Conrad Feger showed a lien on all lands of John Feger and Christian Trump, but gave no notice of Trump's claim to the land in question.

[*Feger v. Keefer.*]

The sale, by the sheriff, of this land as the property of John Feger, gave it to the purchaser divested of all liens against Feger; and although the judgment of Jacob Kroh *v.* John Feger is by this court declared irregular and erroneous and set aside, yet by the express terms of the ninth section of the act of 1705, cited in the last case, the right of the purchaser to the land remains, and the purchase money alone can be restored to John Feger, or in this case, perhaps, it will be ordered to Conrad Feger, to whom it would have been awarded if he had known of the sheriff's sale and claimed it.

Judgment for Keefer.