Decree affirmed, costs to be paid out of the estate.

St. Charles Building and Loan Association *v.* Hamilton (et al., Appellant).

Argued April 26, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Abraham Wernick,* of *Evans & Wernick,* with him *Frank A. Moorshead,* for appellant.

*L. Leroy Van Roden,* with him *James W. Daly* and *Thaddeus M. Daly, Jr.,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 29, 1935:

The question to be answered in this case as a result of the appeal of Ethel M. Hamilton, one of the defendants, is whether the Deficiency Judgment Act of January 17, 1934, P. L. 243, 21 P. S., section 806, applies where a property is sold at sheriff's sale on December 23, 1933, before the passage of the act and the sheriff acknowledges the deed on February 8, 1934, after the act was in effect. The learned president judge of the court below held that the statute did not apply.

The act provides: "That whenever any real property is sold on any execution on the foreclosure of any mortgage, or on a judgment entered on any obligation secured by mortgage, and the sum for which such property was sold is not sufficient to satisfy the debt, interest and costs, the plaintiff or use-plaintiff shall, within six months after such sale, petition the court out of which such writ of execution issued to fix the fair value of the property sold."

It is the contention of appellant that the right to proceed under the act did not accrue until the sheriff's deed was acknowledged, which was the first time when it could be definitely ascertained that the amount realized is insufficient to satisfy the debt, interest and costs. This reason, which is advanced to sustain the argument that the words "sold" and "sale" in the act should not be given their customary import, namely, the time when the

sheriff exposes the property to public sale and sells it, is not we think convincing or based upon experience. All lawyers familiar with foreclosure proceedings and sheriff's sales therein know that there are data available by record search and inquiry prior to a sheriff's sale from which it can be ascertained what amount is necessary to satisfy the debt, interest and costs. It is not necessary to await the acknowledgment of the deed to procure this information.

Certainly in common parlance the word "sale" when used in connection with a sheriff's vendue means the time when he knocked down the property to the bidding purchaser. If the legislature had meant to extend the time within which to present a petition to fix the fair value of the property to six months after the acknowledgment of the sheriff's deed, it would have been very easy to say so. Later language in the act in which the same word is used negatives the idea that any other day than the sale day was to be the starting time for the computation of the six months' period. It says "the fair value of the premises sold *at the time of the sale.*" This could not mean at the time the deed is acknowledged.

The tax sale cases such as Grakelow v. Nash, 98 Pa. Superior Ct. 316, Osmer v. Sheasley, 219 Pa. 390, Waln v. Shearman, 8 S. & R. 357, cited by appellant, cannot control here; the decisions reached in the cited cases were based largely on the practical considerations surrounding the right to redeem. In such cases until the deed was made the owner could not know with certainty that his title had been transferred or what was his real situation.

With reference to sheriff's sales, as in other kinds of legal proceedings, a legal terminology has grown up, used and understood by all the bar, such as "issue of the writ," "judgment of two nihils," "condemnation," "hand bills," "sheriff's return," "sheriff's sale," "acknowledgment," "sheriff's deed," "attorney on the writ," "sci. fa.," "real owner," etc. These words have definite connotations for

lawyers. No lawyer would use the word "sheriff's sale" to convey the idea of the sheriff's acknowledgement of the deed. One of the fundamental rules of construction is that, if the language or words used have come to have a meaning which those who were or ought to have been learned in the law must be supposed to have understood, and with reference to which the act must be presumed to have been framed and passed, the court must accept such construction: Endlich on the Interpretation of Statutes, section 3.

The word "sale" from a very early date has been used in many statutes as meaning the time when the property is knocked down.[1] There are many of our decisions which use the word "sale" with the same idea and which differentiates between the sale and the acknowledgment of the sheriff's deed.[2]

It is by no means true that a purchaser at a sheriff's sale gets none of the incidents of ownership until the deed is acknowledged. Indeed, it is almost a contradiction in terms to say that the words "sale" and "sold" relate to the time the deed is acknowledged. In Slater's App., 28 Pa. 169, it was held that the purchaser at the sheriff's sale prior to such acknowledgment gets an inceptive interest which may be bound by a judgment against him during this period (Morrison v. Wurtz, 7 Watts 437) ; Stover v. Rice, 3 Wharton 21, decided that a purchaser at sheriff's sale acquires an equitable estate

---

[1] Scire Facias Act of 1705, 1 Smith's Laws 57, sections 4 and 6; Act of June 16, 1836, P. L. 755, 12 P. S., section 2443; Act of April 22, 1905, P. L. 265, 12 P. S., section 2536; Act of July 2, 1895, P. L. 420, section 1, 12 P. S., section 2444; Act of April 16, 1845, P. L. 538, section 2, 12 P. S., section 2442; Act of May 2, 1929, P. L. 1278, section 185, 16 P. S. 185.

[2] Hawk v. Stouch, 5 S. & R. 157; Thomas v. Connell, 5 Pa. 13; Bellas v. McCarty, 10 Watts 13; Collins v. London Assurance Corp., 165 Pa. 298; Vastine v. Fury, 2 S. & R. 426; Warren Pearl Works v. Rappaport, 303 Pa. 235.; Hoyt v. Koons, 19 Pa. 277; Media T. & T. Co. v. Kelly, 185 Pa. 131.

before the acknowledgment of the sheriff's deed; Bellas v. McCarty, 10 Watts 13, states that a purchaser acquires an interest which descends to his heirs; Hoyt v. Koons, 19 Pa. 277, that a junior lienor cannot acquire title by foreclosure three weeks after a prior lienor had had the property knocked down to him, but before his deed has been acknowledged; Elliott v. Peersall, 4 Clark 157, that one who became the wife of the debtor subsequent to the sale but prior to the acknowledgment of the deed acquired no right of dower; Young's App., 2 P. & W. 380, that a debtor has no right to redeem his property by making a tender of the amount of the debt plus costs after the property has been knocked down by the sheriff, but before the deed has been acknowledged; Stroup v. Raymond, 183 Pa. 279, that a bona fide purchaser at sheriff's sale acquires a vested right to the property sold immediately; Penna. S. V. R. Co. v. Cleary, 125 Pa. 442, that a purchaser at sheriff's sale acquires an inchoate title in the land by virtue of his bid and its acceptance by the sheriff. In all of these cases, and in many others which could be cited, the distinction is always made between the date of sale and the date of acknowledgment of the deed. The two incidents are never treated as one. In all of them the words "sale" and "sold" refer to the time when the property was knocked down by the sheriff.

We agree with the court below that the statute in question, approved after the date of the sheriff's sale, has no application to this proceeding.

Order affirmed at appellant's cost.