## Federal Farm Mortgage Corp. v. Howard et al.

*R. G. Bushong* and *Trexler & Trexler*, for petitioner. *Body, Muth & Rhoda*, contra.

SCHAEFFER, P. J., December 7, 1942.—In a proceeding upon a second mortgage, the Sheriff of Berks County, in pursuance of a writ of levari facias issued to him, offered the mortgaged premises at public sale on August 14, 1942, and knocked down the premises, subject to the first mortgage, to Leroy B. Reifsnyder and Miriam C. Reifsnyder, his wife, at their bid of $1,825. The purchasers executed the conditions of sale and paid down on account of the purchase price the sum of $200. On August 22, 1942, before the purchasers had paid the balance of said purchase price and before the sheriff had acknowledged or delivered his deed to them for the premises, the owner thereof,

William F. Dunn, presented his petition to this court setting forth these facts and averring that he desired to redeem the premises by paying the amount of the judgment obtained upon said second mortgage together with interest and all accrued costs, and praying that the sheriff's sale to the Reifsnyders be set aside. As evidence of his good faith petitioner has deposited the sum of $1,500 with the prothonotary. A rule to show cause why the sale should not be set aside having been served upon the Reifsnyders and upon the plaintiff mortgagee, the parties have entered into a stipulation of the facts above set forth and also of the fact that the price bid, to wit, $1,825, was not an inadequate price and of the further fact that neither fraud nor collusion appeared in the proceedings or sale.

The Reifsnyders, desiring to complete their purchase, ask that the rule be discharged.

The purpose of the sheriff's sale was to make out of the lands bound by the judgment the debt, interest, and costs which were due or had accrued to the judgment creditor. The whole proceeding aims at the collection of the debt. Certainly up to the moment the sheriff actually offers the property for sale and knocks it down, the debtor can stop all further proceedings by paying the debt and costs, for the object of the proceeding has been accomplished when the debt has been paid.

But after the sheriff has offered the property in pursuance of his writ and the highest bidder has entered into an agreement to pay the price bid and has actually paid an amount on account thereof, does the right of the execution debtor to pay the debt and costs and thereupon to retain the property continue to exist up to the time of the acknowledgment and delivery of the sheriff's deed?

The answer to our problem is not to be found in the Act of 1705, 1 Sm. L. 57, 21 PS §791 et seq., but in the decisions of our courts.

Whatever doubt may exist as to the correct answer to this question arises from certain loose language in some of the decisions. We know of no case in an appellate court which has definitely ruled this question. In Young's Appeal, 2 P. & W. 380, the court below permitted the defendant to pay the debt and costs and thereupon set aside the sale—before the acknowledgment of the sheriff's deed. However, the appeal taken from this action was dismissed upon a procedural point. Judge Ross, in his opinion, strongly denied the authority of the court below to set aside the sale for the reason given and Chief Justice Gibson concurred. But the other three judges of the Supreme Court, although concurring in the dismissal of the appeal, declined to express an opinion upon defendant's right to redeem his property after the sale for the reason that that question had not been argued. And in Lukasik v. Buss et al., 21 Luz. Leg. Reg. 97, Judge Woodward upon the authority of language used in Collins, to use, v. London Assurance Corp., 165 Pa. 298, determined that the defendant had a full legal right to pay the debt and costs and thus to redeem his property up to the time when the sheriff's deed is acknowledged.

After careful consideration, we are of the opinion that Judge Woodward's decision is in error. The purchaser at a sheriff's sale contracts with the sheriff to purchase and thereby becomes liable to the sheriff for his default in paying the amount of his bid at the time specified: Beetim v. Buchanan, 4 Watts 59. And the rule of caveat emptor applies to his purchase: Hutchman's Executor's Appeal, 27 Pa. 209. When the purchaser defaults, the sheriff may elect to sue for the purchase price or he may elect to set aside all proceedings under the levari facias and upon a resale under another writ may recover the loss if any from the purchaser under the former writ: Acker, to use, v. Snyder, 250 Pa. 57. And even when a higher bid is obtained at a second sale but the second bidder also defaults, the

first purchaser's liability for the amount of his bid continues: Schoening v. Leeds, 7 W. N. C. 243.

That being so, as Chief Justice Gibson says in Stoever v. Rice, 3 Wharton 21, 25:

". . . it is impossible to conceive how a contract can be enforced without mutuality of remedy . . . On payment or tender of the purchase-money, the vendee is invested with an equitable title, of which he cannot be divested, and which the law furnishes him with means to complete, by having the legal title added to it."

In Stoever v. Rice it was ruled that the purchaser at a second sheriff's sale held upon a junior lien, after the first sale but before the sheriff acknowledged the deed to the first purchaser, obtained no title because the junior lien was discharged by the first sale, even though no deed was ever acknowledged.

And in Morrison v. Wurtz, 7 Watts 437, 438, it is pointed out that a sale by a sheriff is attended with the ordinary consequences of a sale by an individual.

"The purchaser may not be entitled to the possession or the rents and profits before his deed has been acknowledged, but he has, by the contract, an inceptive interest in the soil, which may be bound by a judgment, on the principle of Clarkhuff v. Anderson, 3 Binn. 4, and which, when perfected by payment and a conveyance, gives the incumbrancer, by relation, the benefit of his security to the extent of the whole estate." See also Stephen's Appeal, 8 W. & S. 186, and Brumbach v. Pearson et al., 22 Berks 124.

The title acquired by a purchaser at sheriff's sale relates back to the time of the sale and not merely to the date of the sheriff's deed: Hoyt v. Koons, 19 Pa. 277. And the neglect of the sheriff to make return of the sale cannot invalidate this purchaser's title after acknowledgment and delivery of the deed: Smull v. Mickley et al., 1 Rawle 95.

It is the sheriff's sale—by which we mean the public offering of the property of the defendant in the execution after compliance with the statutory requirements and the knocking of it down to the highest bidder who thereupon binds himself to pay the amount of his bid—that discharges the liens and establishes new rights and liabilities: Hoyt v Koons, supra; St. Charles B. & L. Assn. v. Hamilton et al., 319 Pa. 220. A judgment entered against the execution defendant after the sale and before the acknowledgment is not a lien upon the real estate sold: Hahn et al. v. Smith, 1 P. & W. 484.

The purchaser at a sheriff's sale upon signing the agreement becomes the equitable owner: Elliott v. The Ashland Mutual Fire Ins. Co., 117 Pa. 548.

The interest of the judgment debtor is not, however, completely extinguished by the sale; up to the time the sheriff's deed is acknowledged and delivered the debtor has a right to the possession and to the rents, issues, and profits of the property: Garrett v. Dewart, 43 Pa. 342; Hardenburg v. Beecher, 104 Pa. 20. This right in the debtor to remain until deed is acknowledged is a personal one which he may exercise or not as he chooses, but that right and the fruits of that right are not the subject of execution by his creditors: Hardenburg v. Beecher, supra, p. 24. And during the time when he remains in possession, he continues to have an insurable interest in the property. And where the insured buildings burned down after the sheriff's sale but before the sheriff acknowledged the deed, it was held that the defendant in the execution had a right to recover upon his policies of insurance: Collins, to use, v. London Assurance Corp., 165 Pa. 298. And the purchaser, as he is not in possession and is not entitled to possession until the acknowledgment and delivery of the deed, is not entitled to rent accruing prior to that time: Scheerer v. Stanley, 2 Rawle 276; and is not personally liable for ground rent which falls due before the deed is acknowledged: Thomas v. Connell, 5 Pa. 13.

In the Collins case the Supreme Court used language which has thrown doubt upon our question here. The decision cites cases to show that, notwithstanding the cases above cited, the purchaser acquires no right or interest in the property until he receives his deed. And at page 308 the court said:

"As between the sheriff's vendee and the debtor, he [the vendee] is without title or interest, until acknowledgment and delivery of deed; if no title have passed to him, then it has passed to nobody, and remains in the debtor as before the sale. Up to the moment of acknowledgment, his purchase may be defeated by the debtor tendering the amount of execution and costs, when, if there had been mere inability to pay, and nothing censurable in the conduct of the debtor, the court would probably make such order as would restore both parties to their condition as before the sale, and refuse to confirm it."

In Derr et al. v. New York Joint Stock Land Bank et al., 335 Pa. 309, it was said (p. 312):

"Plaintiffs, notwithstanding the sale on November 16, had until November 20, which was the return day of the writ and the day on which the sheriff's deed was executed, to raise the necessary money to pay off the debt: *Collins v. London Assurance Corp.*, 165 Pa. 298, 308," but decided that "after acknowledgment and delivery of the sheriff's deed, not mere defects or irregularities however gross, but only fraud in the sale, or want of authority to sell, can defeat the title of the sheriff's vendee," and that the sale could not be set aside.

We respectfully submit that in both these quotations of opinion the Supreme Court fell into error. The actual decisions in both the Collins case and the Derr case we believe to be sound. In neither of them was there involved the right of the debtor to pay his debt and thus redeem his property after the sheriff has, in a sale which is free from fraud and which was held in

full compliance with all legal requirements, knocked it down. On the other hand, in St. Charles B. & L. Assn. v. Hamilton et al., supra, at page 224 the court, also unnecessarily, said on the authority of Young's Appeal, supra, "that a debtor has no right to redeem his property by making a tender of the amount of the debt plus costs after the property has been knocked down by the sheriff, but before the deed has been acknowledged." See also In re Randall, 20 Fed. Supp. 470.

However, upon principle we believe this latter doctrine to be sound. The highest bidder, when he pays his down money and executes the conditions of sale, becomes a purchaser and, as such, has acquired definite rights which the law is bound to respect. He has a right, upon paying or proffering the balance of the purchase money, to require the sheriff—or his successor in office—to deliver a duly-acknowledged deed. In the absence of fraud or substantial irregularity, the court may not set aside such sale and thus take away from the purchaser his inceptive title. See Union National Bank of Reading v. DeLong Furniture Corp. et al., 344 Pa. 583.

Judge Ross, in Young's Appeal, supra, stated that the practice of permitting the execution defendant to pay the debt after the sale and before the acknowledgment and thus to rescind the sale would be "calculated to affect sheriffs' sales very injuriously." It would tend to discourage the attendance of bidders at the sale. And it would open the door to the evil practice of permitting disappointed bidders to enter into a collusive agreement with the defendant in the execution by which such bidder could after the sale offer the defendant a sum greater than the highest price bid and thus obtain the property. It would destroy the finality of sheriffs' sales.

Judge Mays concurs in this decision on the ground that the execution creditor has neither alleged nor proven any equities or hardships to him, but is of the

opinion that there exists a discretion in the court to set aside and to refuse to confirm the sale under certain circumstances: First National Bank of Koppel, for use, v. Mount et al., 132 Pa. Superior Ct. 518.

And now, to wit, December 7, 1942, the rule to show cause is discharged.