The opinion of the Court was delivered by
Duncan J.
This is a writ of error to the Court of Common Pleas of Lebanon county, concerning the proceedings of two justices of the peace, founded on the act of 6th Aprils 1802, and awarding restitution, removed into that Court by certiorari.
The tenant in possession of the lands sold by the sheriff on an execution against John Elder, in the course of the proceedings, made the affidavit stated in the record, and handed it to the justices ; but the justices instead of receiving it and accepting of the recognisance to prosecute his claim in the Court of Common Pleas, suffered a cross-examination *160 of the tenant, (as in the record.) David Krause made affidavit in like manner, and was cross-examined in like manner; Stouch objecting to cross-examination in both cases. The justices notwithstanding the tender of these affidavits, and of the recognisance, proceeded as if no such affidavits had been taken, or recognisance offered, and issued the warrant commanding the sheriff to deliver possession to the claimant.
If the justices had gone on after affidavits taken in the terms of the act, it would appear to this Court to be error; nor could the justices go further into the inquiry either by the cross-examination of the witness, or on the testimony ; as that would be to decide the very fact which could only be decided by the Court of Common Pleas. When the affidavits are made in the terms of the law, the justices cannot proceed to issue the warrant, to deliver the possession to the complainant, or to levy the damages; but the affidavit of the tenant did not conform to the law; he states, that he did not come into possession, and did not claim to hold the whole of the said premises by, from, or under the defendant named in the warrant, and that the title to one-half was claimed by David Krause ; now he might have come into the possession of all but one acre under John Elder, and thifc affidavit have been true, and thus by this general evasive mode of swearing, if such affidavit was sufficient, deprive the complainant of all remedy under the act. The justices would be bound to disregard such affidavit, or if not bound to disregard it, to call on the tenant for an explanation of what he intended; what part of it he did claim to hold under John Elder, and what under other persons ; and if we look at the explanation given by the tenant, it does appear that he came into possession of the whole under John Elder, and the explanation by David Krause, he leased to Stouch in 1816, for the very purpose of getting possession. There was no error in the justices in proceeding finally to award the possession, and to issue the warrant to levy the damages. But the reversal is defended in this Court on another ground ; that the justices had no jurisdiction, and the proceedings were consequently erroneous, because, as appears by the inquisition, the notice to the tenant to surrender was not a legal notice, inasmuch as by the finding of the jury of inquest, it appears that the sale was made on 13th May, 1816 ; the venditioni exponas returnable to August Term, and the sheriff’s deed to com *161 plainant, executed and acknowledged 6th August, 1816 ; and that the notice to surrender was on the 10th July. The question now raised is, could the purchaser give notice before the return of the venditioni exponas, and deed acknowledged ? The purchaser at sheriff’s sale cannot call for the pos*, session until the return of writ, and deed acknowledged ; he cannot' support ejectment; nothing is completed until the sale is confirmed by the Court, by the receiving of the acknowledgment of the deed. If the purchaser had no right to the possession, he was not enabled to give notice, for the notice is a demand of the surrender of the possession to him j the purchaser, on ejectment, could not recover mesne profits, but from the time of the deed acknowledged. The mischief is stated in the preamble: the legislature gives a speedy remedy for the recovery of the possession; but no right attaches to the purchaser until he receives the deed. The 3d section of the act provides for the case of lands leased, by enacting, that the purchaser, after receiving the sheriff’s deed, shall be considered as the landlord, and giving notice, will be entitled to the rent accruing after such sale and notice. The 4th section provides for cases of lands sold before the passing of the act, and gives a remedy to purchasers holding a deed duly acknowledged, for mesne profits from the time of demand of recognisance, until the final decision of the ejectment. It would appear from the several sections of this act, that until the purchaser’s deed is acknowledged by the sheriff, he is not considered as the owner, and that until he holds the deed, he cannot demand a surren(Ier; and that he is not for any purpose of the act, considered or known before he has obtained his deed, — nor by relation to the day of sale is any remedy granted to him or privilege conferred on him under this act. Every part of the proceedings supposes the deed, and makes it conclusive evidence. The contract is executory until the deed, though on the purchaser’s death before deed, it would be considered as real estate, and his heirs could call for the deed. Yet the right on the return of the venditioni exponas to call for the deed does not give the purchaser a right to demand the surrender of the possession until the deed is acknowledged. That when the deed is acknowledged it relates back to the day of sale so far as it respects the right acquired, is true; but this is a proposition very distinct from the remedy provided by this act. *162 Every step to be taken in this, presupposes a deed acknowledged, and a refusal to surrender, after a sale confirmed and ratified by a deed acknowledged.
I1 became the duty of the Court, on reversing the proceedings, to award restitution ; to restore the party to all he had lost; both the possession, and the damages levied. The judgment must therefore be affirmed.
Judgment affirmed