[PHILADELPHIA, JANUARY, 1830.]

## SCHEERER *against* STANLEY.

### IN ERROR.

A purchaser at sheriff's sale, is entitled to receive rent from the person in possession, only from the time the sheriff's deed is acknowledged.

WRIT of error to the Court of Common Pleas of *Philadelphia* county, in which a case was stated for the opinion of the court, with liberty to turn the same into a special verdict.

*Jesse Stanley,* the defendant, has been in the possession of a house and lot in the city of *Philadelphia,* since the year 1826, as tenant, from year to year, at a rent of two hundred and twenty-five dollars *per annum,* payable quarterly, on the 20th days of *February, May, August,* and *November.* He came into possession of the property as the tenant of the widow *Cumpston,* to whom the same belonged.

By virtue of a writ of *Venditioni Exponas,* issued to *September* Term, 1828, on a judgment obtained in the District Court, against Mrs. *Cumpston,* the house and lot aforesaid were, on the 23d of *June,* 1828, exposed to public sale by the sheriff, and struck off to *Scheerer,* the plaintiff, at the price of three thousand three hundred and fifty dollars. The terms of sale were cash in ten days.

On the 3d of *July,* 1828, the purchaser, *Scheerer,* paid one thousand three hundred and fifty dollars to the sheriff. There was a mortgage on the property for two thousand six hundred dollars,

(Scheerer *v.* Stanley.)

held by *Charles Francis*, and a negotiation was entered into between *Scheerer* and the mortgagee, to suffer the mortgage to remain a charge on the property; but on the 3d of *September*, 1828,.the sheriff refused to give his sanction to any arrangement which *Scheerer* and the mortgagee might make, and on the same day, *Scheerer* paid the balance, two thousand dollars, to the sheriff, with. interest on the same from the 3d of *July*, 1828.

The writ was returnable on the first Monday, 6th of *September*, 1828. On that day it was returned, and the sheriff's deed to *Scheerer* was duly acknowledged, and dated on the same day.

On the 20th of *August*, 1828, a quarter's rent, amounting to fifty-six dollars and twenty-five cents, became due, which was demanded of *Stanley* by Mrs. *Cumpston*, and paid by him to her. Previous to this, to wit: on the 24th of *June*, 1828, *Scheerer* had given notice to *Stanley*, that he, *Scheerer*, had become the purchaser of the property at sheriff's sale, and claimed a proportion of the rent, to be calculated from the 23d of *June*, 1828.

The question for the opinion of the court is, whether the plaintiff be entitled to recover from the defendant the whole, or any, and what part of the quarter's rent which became due on the 20th of *August*, 1828.

If the opinion of the court should be in favour of the plaintiff, judgment to be entered for him accordingly, for such sum as the court shall direct; if the opinion of the court should be in favour of the defendant, judgment to be entered for him. The costs to abide the event of the suit, as if the cause had been tried in the ordinary way.

The Court of Common Pleas gave judgment for the defendant.

*Specification of errors:—*

" 1. The Court erred in giving judgment for the defendant. The judgment ought to have been for the plaintiff, for the whole of the quarter's rent, which became due the 20th of *August*, 1828.

" 2. If judgment ought not to have been entered for the plaintiff of the whole of the quarter's rent, then judgment ought to have been rendered for him for such proportion of it as became due from the day of sale till the 20th of *August*, 1828."

*T. S. Smith*, for the plaintiff in error, observed, that the purchaser at sheriff's sale became the landlord from the day of sale, the deed having a retrospective operation. In contemplation of law, he pays the money at that time, and is, therefore, entitled to rent by way of compensation for the loss of interest on the purchase money. In *Hawk* v. *Stouch*, 5 *Serg. & Rawle*, 157, it was decided, that a purchaser at sheriff's sale, cannot give notice to the person in possession, so as to ground a proceeding, under the act of assembly of the 6th of *April*, 1802, before the acknowledgment of the sheriff's deed; yet, the judge who delivered the opinion of the

(Scheerer *v.* Stanley.)

court, distinctly says, that after acknowledgment, the rights of the purchaser relate back to the time of sale.

*W. M. Meredith,* for the defendant in error, answered, that the general principle was clearly in favour of his client.   Here the purchaser had not paid his money at the day the property was struck off to him; and, consequently, the ground upon which he puts his claim fails.   The notice he gave was, that he should claim a proportional part of the rent accruing after the day of sale, instead of which, he now claims the whole quarter's rent.   In *Hawk* v. *Stouch,* 5 *Serg. & Rawle,* 157, the case referred to on the opposite side, the term sale, was held to mean the completion of the sale, by the acknowledgment of the sheriff's deed.

The opinion of the court was delivered by

GIBSON, C. J.—On receiving the sheriff's deed, the title of the purchaser may, for some purposes, be referred to what is popularly called the sale; and there is a *dictum* to that effect in the opinion of the court in *Hawk* v. *Stouch,* 5 *Serg. & Rawle,* 157.   It was, however, ruled in that case, that he cannot previously give notice to quit, for the purpose of founding a proceeding to recover the possession; and it seems as clear, that he cannot give notice of his purchase to entitle himself to the rent.   It is expressly declared, that he shall be substituted for the landlord, only when he shall have received the deed; and this declaration must have been intended to qualify the subsequent clauses, as it would be incongruous to entitle him to rent which accrued before the relation of landlord and tenant was established.   In designating the period from which he is to be entitled, the framers of the law undoubtedly use the words, " subsequent to such sale."   But the contract with the sheriff, being imperfect before it has had the sanction of the court, is in law, and in fact, no sale at all.   If the purchaser were entitled to rent due before the acknowledgment of the deed, he would necessarily be allowed to warn the tenant to retain it in the mean time: yet, the legislature seems not to have contemplated notice of a doubtful right, or one depending on a contingency.   It would seem, therefore, that the title of the purchaser is but co-extensive with his character of landlord, which is expressly limited to commence at the acknowledgment of the deed.

Judgment affirmed.