# Seichrist's Appeal.

1. Z. bought a lot of M. by articles, took possession and made improvements; being unable to make the payments, he sold part to S. by parol, the division line being fixed by them. M. with the consent of Z. made the deed for the whole to S., he agreeing with Z. to hold the other part in trust for Z. and convey to him on his paying his share of the purchase-money. Z. continued in possession of his part according to a line accurately located, and made improvements. S. refused to convey. *Held,* that he held in trust for Z. and could be compelled to convey; *Held,* also, that the case was not within the 4th section of Act of April 22d 1856.

2. The Act of 1856 destroys all parol trusts by contract.

3. This trust arose by implication and construction of law and is within the proviso of the 4th section.

4. A trust arising from the fraud of the holder of the title is one by operation of law.

5. Where one procures a title which he could not have obtained except by a confidence reposed in him and abuses the confidence, he becomes a trustee *ex maleficio.*

October 21st 1870.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and. WILLIAMS, JJ.

Appeal from the Court of Common Pleas of *Erie county*: In Equity: No. 213, to October and November Term 1869.

On the 1st of April 1853, Elihu Marvin, of the city of Erie, for the consideration of $450, contracted by articles to sell to Thomas Zirkenbach a lot of land described in the article containing 3 acres.   The payments were to be made in four equal annual sums with interest and the deed to be delivered on the 1st of April 1857.   On the 5th of May 1864, by an endorsement on the articles, Zirkenbach assigned all his interest in them " for value received " to Leopold Seichrist, and directed Marvin to deliver a deed to Seichrist when the purchase-money should have been paid.

On the 7th of October 1867, Zirkenbach filed a bill against Seichrist, setting forth that soon after his agreement with Marvin he took possession of the lot, erected buildings and continued in possession of the whole until the assignment to Seichrist, and after that time of 1 acre and 39 perches, and had paid to Marvin part of the purchase-money ; that not being able to make the payments to Marvin according to the articles, he agreed by parol to sell to Seichrist a portion of the land, and both fixed a division line on the ground and together asked Marvin to execute to Seichrist a deed for the portion of the land which he was to have ; that Marvin having already prepared a deed for the 3 acres to be delivered to Zirkenbach, was unwilling to cancel it and make deeds to Zirkenbach and Seichrist for their respective portions, but proposed to make a deed for the whole to Seichrist, and when the purchase-money should be paid in full, and Zirkenbach had paid Seichrist the portion of the purchase-money due for his part, then Seichrist should deliver to Zirkenbach a deed for his portion ; that at that time at the request of the parties Marvin ascertained that after deducting the payments made, there were due on the articles $648, and it was then agreed the payment per acre should be $216 ; that it had been agreed at the time of the parol agreement between Zirkenbach and Seichrist, that the dividing line should be accurately ascertained by an engineer ; that the line was afterwards located by two engineers, and that the division gave to Zirkenbach 1 acre and 39 parches and to Seichrist 1 acre and 121 perches ; that the parol agreement was that Seichrist should hold Zirkenbach's portion of the land in trust for him and for his own portion ; Seichrist was to pay $216 per acre, and in addition thereto $35, which would be $233.65 to be paid by Zirkenbach and $414.35 by Seichrist ; that the assignment was executed to carry out this agreement; that Zirkenbach's possession, cultivation and improvements .since the assignment had been with the knowledge of Seichrist, who erected a fence on the dividing line, and had since occupied his portion of the land ; the bill set out the precise boundaries as agreed upon between the parties.   He averred that

before commencing proceedings, he tendered a deed to Seichrist for execution and also $285, Seichrist refused both, &c. The prayer was for specific performance of the parol agreement, Zirkenbach offering to pay the money due by him.

The answer averred that there was no agreement at Marvin's as averred by Zirkenbach; that by the original parol agreement Seichrist was to pay $200 per acre; that shortly afterwards Zirkenbach said he had been offered $625 for the lot, Seichrist offered him $635 which Zirkenbach accepted, it admitted that they fixed a dividing line; denied any agreement that Marvin should convey to Seichrist to hold part in trust for Zirkenbach as alleged in the bill, or that the assignment was made to carry out the agreement; it averred that Marvin asked Seichrist if he would take the land for what was due, deducting what Zirkenbach had paid; $648 was found to be due; Seichrist agreed to take the land at that price and to pay $5 for the deed which had been prepared for Zirkenbach; the assignment was then made; it was absolute without any reservation; a deed was on the same day executed by Marvin to Seichrist, who paid $150 in cash and gave a bond and mortgage for $498, the balance; Seichrist then told Zirkenbach that if he could pay for the part occupied by him before the mortgage should be paid off, Seichrist would convey it to him at the price he, Seichrist, had paid. The answer admitted the possession of Zirkenbach as set out, but denied that it was under any agreement and trust. Seichrist paid the mortgage August 7th 1867; Zirkenbach never paid anything, and Seichrist notified him that as he had failed to comply, his proposal to convey was withdrawn, and that he must pay rent; and after this Zirkenbach erected a small barn worth not more than $25; denied erecting a fence on the dividing line. Testimony was taken on both sides, that taken by Zirkenbach sustained very fully the allegations in the bill. There was not much testimony tending to establish the material allegations of the answer or to disprove the averments of the bill. There was evidence that Zirkenbach agreed to pay Seichrist an additional sum for his trouble and the expense he had been put to for the surveyors.

The court (Vincent, P. J., delivering the opinion) made the following decree:—

" We therefore order and decree, that the defendant execute and deliver to the plaintiff a good and sufficient deed, in fee simple, for the land in controversy, within ten days after the plaintiff shall have paid to the prothonotary of the Court of Common Pleas of Erie county, the sum of $268.66, or at the rate of $216 per acre for 1 acre and 39 perches, with interest from May 5th 1864, subject to the order of defendant, and notify him of the same, and that the defendant pay the costs."

Seichrist appealed to the Supreme Court and assigned the appeal for error.

*C. B. Curtis* (with whom were *E. Camphansen* and *J. Sill*), for appellant.—The plaintiff must make out a clear case: Dalzell *v.* Crawford, 1 Parsons' R. 45; 2 Story's Eq., §§ 78, 79; White *v.* Dawson, 7 Ves. Jr. 85. The Act of April 22d 1856, § 4, Pamph. L. 533, Purd. 497, pl. 3, bars the plaintiff: Miranville *v.* Silverthorn, 12 Casey 149; Barnet *v.* Dougherty, 8 Id. 371. Subsequent fraud will not raise a trust: 1 Eden 517; Jackson *v.* Ringland, 4 W. & S. 149; Porter *v.* Mayfield, 9 Harris 268. Possession must be contemporaneous with the contract; Aitkin *v.* Young, 2 Jones 15. The parol contract must be precise and definite in its terms; Brightly's Eq. Jur. § 231; Chanby *v.* Hauseberry, 1 Harris 21; Greenlee *v.* Greenlee, 10 Id. 235; Burns *v.* Sutherland, 7 Barr 106; Frye *v.* Shepler, Id. 93; Gangwer *v.* Fry, 5 Harris 406. The contract must be mutual: Boden *v.* Glading, 5 Harris 53. Breach of contract is not equivalent to fraud, which is necessary to turn the procurer of title into a trustee: Hoge *v.* Hoge, 1 Watts 214; Williard *v.* Williard, 6 P. F. Smith 125; Sidle *v.* Walters, 5 Watts 289; Robertson *v.* Robertson, 9 Id. 36; Haines *v.* O'Connor, 10 Id. 313; Fox *v.* Heffner, 1 W. & S. 376; Smith *v.* Smith, 3 Casey 180; Lloyd *v.* Lynch, 4 Id. 423; McBarron *v.* Glass, 6 Id. 134; Ketchum *v.* Smith, 9 Id. 164.

*J. H. Walker*, for appellee, cited Sheriff *v.* Neal, 6 Watts 334: McCulloch *v.* Cowper, 5 W. & S. 427; Plumer *v.* Reed, 2 Wright 46; Brown *v.* Lynch, 1 Paige Ch. Rep. 147; Adams's Eq. 138.

The opinion of the court was delivered, January 3d 1871, by

AGNEW, J.—The facts of this case we think are clearly proved. Zirkenbach had a contract with Elihu Marvin for the purchase of 3 acres of land, on which he had made a small payment in work, and was in actual possession under his contract, having built a house and made some minor improvements. Being unable to pay the purchase-money, he agreed with Seichrist to sell him the northern part by a line to be run in continuation of the line of an adjoining lot owned by Seichrist to the old French road, provided Seichrist would pay off the balance of the purchase-money to Marvin. Marvin being applied to, declined to make two deeds, but suggested that Seichrist, on paying the balance of purchase-money to him, could take the deed for the 3 acres, and afterwards convey to Zirkenbach his part when he should pay for it. This was accordingly done, and in a few days a fence was put up by Seichrist on the line between him and Zirkenbach; Seichrist at the time, stating it to be the division fence between them. Afterwards Seichrist procured the line to be traced by two surveyors for the purpose of making an accurate survey of this parcel, in order to convey his part to Zirkenbach. For, while Seichrist did not deny his obligation to convey to Zirkenbach, but finally, on the latter tendering him his money, or as much as

Zirkenbach thought was coming and demanding a deed, Seichrist denied the bargain and refused to convey. In the mean time Zirkenbach had remained in possession, and had built a small stable or barn.

The court below held, that a trust arose out of these facts, and decreed in favor of Zirkenbach. The argument in this court is founded upon the 4th section of the Statute of Frauds of the 22d April 1856, which requires all declarations or creations of trusts of any lands, tenements or hereditaments to be manifested by writing, signed by the party holding the title thereof. If nothing more existed in the case than a mere bargain between the parties that Seichrist should take a title for the land from Marvin, and afterwards convey to Zirkenbach on payment of the proportionate share of the purchase-money, the argument would be irresistible. Undoubtedly the Act of 1856 cuts up by the root all parol trusts by bargain or contract. It is intended to prevent frauds in relation to the title of real estate by requiring the evidence of it to be witnessed by a writing. But we are of opinion this case falls within the proviso to the 4th section of the Act of 1856, that where any conveyance shall be made of any lands or tenements by which a trust or confidence shall arise by implication or construction of law, such trust or confidence shall be of like force and effect as if the act had not been passed. Among the trusts thus resulting from the operation of law are those arising from the fraud of the party who has the title. Although no one can be compelled to part with his own title by force of a mere verbal bargain, yet when he procures a title from another which he could not have obtained except by a confidence reposed in him, the case is different. There, if he abuse the confidence so reposed, he is converted into a trustee *ex maleficio*. The statute which was intended to prevent frauds turns against him as the perpetrator of a fraud. It is not therefore the fact that the bargain by which he was enabled to obtain the title is verbal which governs the case, but the fact that he procured the title to be made to him in confidence, the breach of which is fraudulent and in bad faith. Clearly such is the case before us. Zirkenbach was the equitable owner, and controlled the title to the whole three acres. Marvin could not sell it to Seichrist, nor could he reclaim the property without a legal proceeding to dispossess Zirkenbach and rescind the contract. When Seichrist, therefore, took the title from Marvin, he did so only by the consent of Zirkenbach who gave it in confidence, relying on the faith of Seichrist that he would hold a certain part of the land in trust for him. Thus Seichrist took in confidence that which he could not retain without bad faith and fraud. Clearly had Zirkenbach known, or had Seichrist indicated, that he would hold the title to himself, the former never would have permitted or given the latter an opportunity of obtaining it. If

16 P. F. SMITH—16

[Seichrist's Appeal.]

Seichrist intended to retain the land, and did not say so to Zirkenbach, it was as clearly a fraud, and he is converted into a trustee *ex maleficio*.

Without a further discussion of the case the conclusion we have come to is fully supported by the case of Beagle *v.* Wentz, 5 P. F. Smith, and the authorities therein cited on the 374th page; to which may be added Hoge *v.* Hoge, 1 Watts 163, and the more recent case of Lingenfelter *v.* Richey, 8 P. F. Smith 485.

The case being one of trust *ex maleficio*, answers the argument as to the uncertainty alleged in relation to the price of the 1 acre and 39 perches retained by Zirkenbach. Had the case depended on a parol sale, and the element in it of price had been left uncertain, the argument would have had great force. But where the defendant has obtained a title in confidence and retains it by fraud, the argument has not the same weight. We think, however, that on the evidence there is not much difficulty in arriving at the true sum to be paid by Zirkenbach. It was evidently at the rate of $216 per acre, which is borne out by the testimony of Charles Seichrist, who testifies that his father and Zirkenbach, in August 1867, made the sum then due on Zirkenbach's part (1 acre and 39 perches) $315. This would be at the rate of $216 per acre and interest added from May 5th 1864. To this we think the court below ought to have added the $30 agreed to be paid by Zirkenbach to Seichrist for his trouble, and the expense of the surveyors; and thus far the decree should be modified. The decree of the Court of Common Pleas is therefore affirmed, adding to the sum decreed to be paid by the plaintiff the further sum of $30, with interest from the time of the decree, and the appellant is ordered to pay all costs including those of this appeal.