## Squires's Appeal.

1. Mrs. Squires by parol purchased from Cundy oil interests "with all debts due them;" $5000 were due by Ridgway, who was her agent in the purchase; this was to be applied to the purchase-money and the conveyance to be made to Ridgway in trust for her until the proceeds with his debt should pay the consideration; an absolute deed by his fraud was made to Ridgway; he denied the trust. *Held*, that he was a trustee for her *ex maleficio*.

2. Cundy not having objected to convey, Ridgway could not object on the ground that the sale was by parol.

3. By the contract, Ridgway's debt became hers, and by transfer of that debt she paid the purchase-money.

4. This trust was within the exception of the 3d section of Act of April 22d 1856.

5. Seichrist's Appeal, 16 P. F. Smith 237, adopted.

November — 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Appeal from the decree of the Court of Common Pleas of *Venango county:* In Equity: Of October and November Term 1871, No. 196.

The bill in this case was filed by Esther Squires against P. T. Ridgway, and after setting out the title of certain oil and mineral interests in one William Cundy, averred:

That on the 28th of August 1868, Cundy, by writing, assigned these interests to Ridgway; that the assignment was not intended to be absolute, but to be held in trust for the plaintiff, who a day or two before the 28th of August, by a parol agreement with Cundy, purchased these interests and money due to them, and agreed to pay $5000 for them; that by reason of her relationship with Ridgway, his professions of friendship and the confidence she reposed in him, she intrusted him to purchase the interests for her from Cundy; that Ridgway agreed to purchase as her agent and take an assignment of them in writing in such manner and form as would show that he held them in trust for her; that about the time of the purchase there were on hand oil and money belonging to the interests, amounting to about $4000 or $5000, which were in the hands of Ridgway and belonged to her by virtue of her purchase; this money, it was agreed, should be applied in payment of the purchase-money, and in case of deficiency, Ridgway was to advance the balance and retain possession of the interests and receive the proceeds, until he should be reimbursed his advance with interest, and be paid for his time, trouble, &c., after which that Ridgway should convey the interests, &c., to her.

The bill further averred that Ridgway fraudulently contrived to obtain from Cundy an assignment of the interests, &c., absolute on its face, Cundy intending to convey, and supposing that he had conveyed, the interests, &c., in trust for Mrs. Squires; that on the said 28th of August, after the conveyance from Cun-

dy, Ridgway represented to her that he had purchased the interests for her as had been agreed upon and that she should receive the proceeds therefrom; that Ridgway had received from those interests, after the conveyance, money belonging to her amounting to above $20,000, beyond expenses, &c.; that he had refused to pay to her after demand, and pretended that he had purchased the interests absolutely for himself and not in trust for her; that he had paid for them with his own money, and that he was not indebted to her, &c.

The prayers were for an account and a decree for conveyance to her of the interests, &c., and for general relief.

The defendant demurred to the bill:

1. That the trust set forth in it was verbal, not manifested by writing, and was void under the Act of April 22d 1856.

2. That for the same reasons the contract was void under the Statute of Frauds.

3. That there was no allegation of part performance so as to entitle plaintiffs to specific performance.

The court (Trunkey, P. J.) allowed the demurrer and dismissed the bill.

The plaintiff appealed to the Supreme Court, and assigned the decree dismissing the bill, for error

*A. W. Barry* and *H. C. Johns*, for appellant.—The bill sets out a resulting trust by implication or construction of law: Barnet *v.* Dougherty, 8 Casey 371; Lloyd *v.* Spillet, 2 Atkyns 148; German *v.* Gabbald, 3 Binn. 302; Gregory *v.* Setter, 1 Dallas 193; Wallace *v.* Duffield, 2 S. & R. 522–6; Martin *v.* McCord, 5 Watts 493; Haines *v.* O'Conner, 10 Id. 313; Swartz *v.* Swartz, 4 Barr 353; Lloyd *v.* Carter, 5 Harris 216; Jackman *v.* Ringland, 4 W. & S. 149. Such trusts are established by parol evidence: Church *v.* Ruland, 14 P. F. Smith 432. Ridgway's relation as agent of plaintiff made him a trustee *ex maleficio*: Reed *v.* Warner, 5 Paige Ch. R. 650; Sweet *v.* Jacocks, 6 Id. 355; Lees *v.* Nuttall, 1 Russ. & Mylne 53; Parkist *v.* Alexander, 1 Johns. Ch. 394. No person whose duty is inconsistent with the character of a purchaser will be permitted to purchase: Torrey *v.* Bank of Orleans, 6 Paige Ch. R. 650; Greenfield's Estate, 2 Harris 489. A person cannot hold a benefit acquired by fraud: Sheriff *v.* Neal, 6 Watts 534; Plumer *v.* Reed, 2 Wright 46; Hoge *v.* Hoge, 1 Watts 163; Swartz *v.* Swartz, 4 Barr 353; Harrold *v.* Lane, 3 P. F. Smith 268; Jenkins *v.* Eldredge, 3 Story C. C. R. 181; Morris *v.* Nixon, 1 Howard 118.

*F. D. Kinnear*, for appellee.

The opinion of the court was delivered, January 9th 1872, by

[Squires's Appeal.]

THOMPSON, C. J.—The learned judge below, in rendering his decision, sustaining the defendant's demurrer, does not in his opinion conceal his own doubts of its accuracy, but, strongly inclining to the belief in its soundness, thought it his duty to end this controversy in the most inexpensive and speedy manner. This was well intended. Had his judgment on the demurrer been unassailable, this view was commendable. But we think it was not.

For the purposes of this argument the facts of the bill being admitted by the demurrer must be regarded as true. In this light how stands the case? In the second paragraph of the bill it is alleged, and by the demurrer admitted, that prior to the 28th of August 1868, the plaintiff, Mrs. Squires, purchased by parol from one Cundy the interest mentioned in the first paragraph of the bill, viz., the one-fourth of the working interest in the oil-leases and machinery on the McMillian farm, in Rockland township, Venango county, together with the oil on hand in tank, and moneys due to Cundy from the sales of oil from said interests then in the hands of defendant, he, Ridgway, agreeing to pay Cundy therefor the sum of five thousand dollars, which Cundy agreed to take for the property from plaintiff.

In the fourth paragraph of the bill it is alleged, that by reason of the relationship of Ridgway to the plaintiff, and his professions of friendship, she reposed confidence in him, and employed him as her agent to conclude the purchase, and to have an assignment made to himself in trust for her.

In the preceding section it was alleged, that there was an assignment of the interest sold to complainant by Cundy, made to Ridgway and intended by him for the use of, and in trust for her, the plaintiff. In the fifth paragraph it is alleged that there was from four to five thousand dollars due from Ridgway to Cundy belonging to plaintiff, by virtue of her purchase of Cundy's interest in the oil-leases, " which it was agreed by plaintiff and said Ridgway should be applied in payment for said interests to said Cundy, and in case of deficiency Ridgway should advance the balance and retain said interests until reimbursed from sales of oil from the wells, when he, said Ridgway, was to convey said interests and machinery to said Esther," the complainant. Then follow the averments of the receipt of large sums of money by the defendant from the sale of oil (produced) from the said wells, charging that the defendant fraudulently contrived to get an absolute assignment on its face of the interests purchased by the plaintiff, when it was intended to be in trust for the plaintiff, and a refusal by him to convey the same to her or account, or to pay to her the proceeds of the property. All this was admitted by the demurrer of the defendant.

Ridgway being thus admitted to be the plaintiff's agent, it was a fraud on his part, " pure and simple," to take title in his own

name for his own use. The act at once turned him into a trustee *ex maleficio*. The plaintiff was herself the purchaser from Cundy. It was of no consequence that it was by parol; Cundy did not object to convey on that account. She paid for it by a transfer of the debt due to the interest in question from Ridgway, which debt became hers by the terms of the purchase. This is also admitted by the demurrer. The proviso to the third section of the act of 22d April 1856, excepts all cases of this kind from the requirement of the section that trusts are to be evinced by writing, otherwise to be of no effect. I will not discuss this matter, contenting myself with referring to Seichrist's Appeal, 16 P. F. Smith 237, and the cases therein referred to by my brother Agnew. All that could be said here is to be found in that case, and it conclusively rules the point in discussion here, viz.: that the Act of 1856 affords no shelter for a trustee *ex maleficio*.

The judgment of the court below, sustaining the demurrer and dismissing the bill, is reversed; the bill to be reinstated to be proceeded in according to equity practice, and the costs of this appeal to be paid by the appellee.