## Van Sciver, Appellant, v. Churchill.

215    53
41SC 325

*Equity—Jurisdiction—Adequate remedy at law—Demurrer.*

On a bill in equity by a contractor against the owner of a building operation to declare a trust, plaintiff averred that the defendant had agreed to set aside his equity in three houses to secure certain deferred payments represented by notes, the houses to be conveyed to the plaintiff in default of payment; that the houses were conveyed absolutely to the agent of a

trust company, which company subsequently sold them for a price in excess of the mortgages, although it had full knowledge of the contract between the plaintiff and the defendant. *Held,* that the bill was properly dismissed on demurrer, inasmuch as the plaintiff had an adequate remedy at law against the owner for a breach of contract, and against the agent and the trust company, if liable, for money had and received for plaintiff's use.

Argued March 19, 1906.   Appeal, No. 385, Jan. T., 1905, by plaintiff, from decree of C. P. No. 3, Phila. Co., Sept. T., 1905, No. 3,516, dismissing bill in equity in case of Ellwood Van Sciver v. Frank P. Churchill, David Carson and the Central Trust and Savings Company.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ.   Affirmed.

Bill in equity to declare a trust.

The averments of the bill are set forth in the opinion of the Supreme Court.

The court sustained a demurrer and dismissed the bill.

*Error assigned* was decree dismissing the bill.

*G. Von Phul Jones,* for appellant.                      ˋ

*Ormond Rambo,* with him *J. Hector McNeal,* for appellees.

OPINION BY MR. JUSTICE BROWN, April 16, 1906 :

On August 4, 1904, the appellant entered into a written contract with Frank P. Churchill for painting and glazing a number of houses which the latter was about to erect.   The contract price for the work and materials to be furnished was $7,000—$5,000 to be paid in cash as the work progressed, and for the balance, $2,000, the appellant agreed to take the promissory notes of Churchill at three months, to be renewed for a further period of three months upon the payment of discount by the maker.   The notes were not to be given until the cash payment had been made.   To secure the payment of these notes Churchill agreed to set aside his equities in three of the houses, each to be subject to a mortgage of $1,600, and it was further agreed that if he was unable to meet the renewed notes, Van Sciver would return them to him and accept in settlement the equities in the said houses.

The fifth paragraph of the bill avers that Churchill, in pur-

suance of the terms of his agreement, set aside and conveyed three properties to David Carson, one of the appellees, an employee of the Central Trust and Savings Company, who acted as its agent " in holding the title of said properties in trust under the terms of the contract, as security for the payment of the notes to be given to the said Ellwood Van Sciver, and upon default in their payment to convey the same " to him. This is followed by an inconsistent averment in the sixth paragraph, that notwithstanding the terms of the agreement that the equities in the three properties should be set aside, subject only to a first mortgage of $1,600 on each, they were, unknown to the plaintiff, conveyed to the said Carson and accepted by him as the agent of the Central Trust and Savings Company, subject not only to a mortgage of $1,600 on each, but to a blanket mortgage of $25,000 covering them and other houses belonging to Churchill, and that the said defendants knew this was contrary to the form of the agreement referred to and was a fraud upon the appellant. If this last averment be true, no trust arose under the agreement to convey the houses subject only to a mortgage of $1,600 on each, for that agreement was not performed by Churchill. On demurrer to the bill it was dismissed.

The remedy of the appellant for what he complains of in his bill is adequate and convenient at law. In the seventh paragraph he avers that, in violation of the terms of the agreement, or " trust," as he there terms it, Carson, at the request and upon the approval of Churchill and the Central Trust and Savings Company, and in fraud of plaintiff's rights, conveyed the properties to August Voss for the sum of $2,350 each, or $750 in excess of the mortgage of $1,600. In the second prayer for relief complainant asks that the sum of $2,250—the amount received from the sale of the three properties in excess of the mortgages —be set aside or paid into court as security for the payment of the notes for $2,000. From this it is clear that the case belongs on the common-law side of the court. Churchill is liable to the appellant for a breach of contract, and each of the other two appellees, if liable, is so for money had and received for his use.

The appeal is dismissed and the decree affirmed at appellant's costs.