---

## Sulzer, Appellant, *v.* Conner.

*Equity—Trusts and trustees—Specific performance.*

On a bill in equity for specific performance it appeared from the bill that the principal defendant therein, a contractor, had agreed with the plaintiff, a subcontractor, in writing, to convey a particular property to a trustee as security for a deferred payment to become due to plaintiff as a subcontractor. The defendant conveyed the property to a person who was named as a codefendant, without any consideration passing, to hold the same as trustee for plaintiff. The trustee took with full knowledge of the terms of the agreement. The trustee with another person as cotrustee, held a mortgage on the property in question, and without notice to plaintiff, entered judgment on the bond accompanying the mortgage, sold the property at sheriff's sale, and had his own attorneys bid it in. Before acknowledgment of the sheriff's deed, plaintiff tendered the amount of the mortgage, with interest and costs, to the mortgagees. The principal defendant defaulted on his contract with the plaintiff. *Held,* (1) that it was error to sustain a demurrer to the bill; (2) that the plaintiff had a right to the protection of a court of equity against the fraud of the trustee; (3) that the case was within the proviso of the fourth section of the Act of April 22, 1856, P. L. 532; (4) that the plaintiff having an equity in the property had the same standing as the defendant in the execution to tender the amount of the execution and costs before acknowledgment and delivery of the sheriff's deed; (5) that the case was not within the Act of June 8, 1881, P. L. 84, which declares that a defeasance to an absolute deed must be in writing and be recorded; and (6) that the plaintiff had no adequate remedy at law.

Argued Dec. 19, 1908. Appeal, No. 206, Oct. T., 1908, by plaintiff, from decree of C. P. No. 1, Phila. Co., March T.,

**318**       SULZER, Appellant, *v.* CONNER.

1908, No. 5,859, sustaining demurrer to bill in equity in case of Gustavus W. F. Sulzer, trading as Sulzer & Company, v. James H. Conner, David R. Carson, The Central Trust & Savings Company and W. Moseley Swain, substituted trustees of the Estate of William J. Swain, deceased, The Central Trust & Savings Company, Wilson H. Brown, sheriff of Philadelphia County, and Mary B. Irwin. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Bill in equity for specific performance and for a conveyance.

Demurrer to bill.

The principal averments of the bill and the grounds of demurrer are set forth in the opinion of the Superior Court.

*Error assigned* was in sustaining the demurrer.

*G. Von Phul Jones,* for appellant.—In the bill is a distinct averment of fraud which is sufficient to set aside the sale and also to give a remedy in equity, aside from any other branch of the case: Evans v. Maury, 112 Pa. 300; McHenry's App., 61 Pa. 432; Enyard v. Enyard, 190 Pa. 114; Miller v. Baker, 160 Pa. 172; Latch v. West End Trust Co., 32 Pa. Superior Ct. 472; Columbia Bank's Est., 147 Pa. 422; Johnston v. Laflin, 103 U. S. 800.

If one received a conveyance of lands or other property, absolute in form, but really as security for a debt, he will hold the legal title in trust for the grantor.

Conner is the only person entitled to plead the statute of frauds and he has admitted the trust: Hauser v. Lamont, 55 Pa. 311.

There was no duty on the part of the plaintiff to pay the mortgage interest or see that it was paid: Eshbach v. Zimmerman, 2 Pa. 313.

The plaintiff had no adequate and complete remedy at law: Filbert v. Philadelphia, 181 Pa. 530; Hawley v. Hampton, 160 Pa. 18.

Plaintiff is entitled to specific performance: Patterson v. Wilson, 19 Pa. 380; Conover v. Wright, 9 Pa. Dist. Rep. 688; Larison v. Burt, 4 W. & S. 27; Long v. Perdue, 83 Pa. 214.

This transaction is not within the act of June 8, 1881, requiring defeasances to be in writing: Moran v. Munhall, 204 Pa. 242; Goodwin v. McMinn, 193 Pa. 646; Bank v. Peace, 27 Pa. Superior Ct. 643; Whelen v. Whelen, 11 Pa. Dist. Rep. 14.

*Wayne P. Rambo*, with him *Ormond Rambo*, for appellees.— The claimant has a full, adequate and complete remedy at law: Van Sciver v. Churchill, 215 Pa. 53; Drake v. Brown, 68 Pa. 223; 1 Troubat & Haly's Practice, sec. 1003, 576; Davis v. Michener, 106 Pa. 395.

Appellant is not entitled to specific performance.

The plaintiff's bill does not set forth any facts upon which defendants should be decreed to hold the property as trustees: Sankey v. Hawley, 118 Pa. 30; Molly v. Ulrich, 133 Pa. 41; Grove v. Kase, 195 Pa. 325; Crotzer v. Bittendender, 199 Pa. 504; Lohrer v. Russell, 207 Pa. 105; Guaranty Co. v. Linton, 213 Pa. 105; Sterck v. Germantown Homestead Co., 27 Pa. Superior Ct. 336.

The mortgage on the real estate in question was held by the trustees of the Swain estate, who sold the property for default in payment of over one year's interest, and the rights of the mortgage holder are superior to those of plaintiff.

OPINION BY HENDERSON, J., December 13, 1909:

This case comes before us on an appeal from the judgment of the court below sustaining a demurrer to the plaintiff's bill. The averments of the bill are therefore taken to be admitted in the present consideration of the case. What, then, are the material facts alleged?

The defendant, Conner, was engaged in a building operation in the city of Philadelphia, which involved the erection of 157 houses. While that work was in progress he entered into a contract in writing with the plaintiff to furnish and attach the gas fixtures called for by the plans of the houses,

as a consideration for which material and work he was to receive $4,000, $3,000 of which was to be paid in weekly installments as the material was delivered and the work progressed, and the remaining $1,000 at the completion of the buildings. The contract also provided that a certain house and lot known as No. 12 on the plan, and particularly described in the bill, should be conveyed to a trustee, that conveyance to be accepted as collateral to secure the payment of the $1,000 payable when the houses were completed. Pursuant to this agreement Conner conveyed the designated house and lot to David R. Carson, one of the defendants, who was an employee of the Central Trust & Savings Company, another defendant, Carson acting as the agent of that company in accepting and holding title to the lot in trust according to the terms of the contract referred to. All of the provisions of the contract, and the rights and equities of the plaintiff thereunder, with reference to this property, were known to and approved by the trust company, and a triplicate copy of the contract remained with it from the time of its execution, and the said company received and accepted title to the premises in the name of its agent, Carson, without paying any consideration therefor and solely for the purpose of securing the plaintiff in the payment of the $1,000. At the time of this conveyance there was an outstanding mortgage of $2,800 on the lot and the conveyance was made subject thereto. This mortgage was executed May 1, 1906, and on November 12, 1906, the title thereto became vested in the Central Trust & Savings Company and W. Moseley Swain, trustees of the estate of William J. Swain. Interest on this mortgage was to be paid by Conner, and funds were set aside in the hands of the trust company for that purpose. The money was not so applied and on January 21, 1908, the trustees of the Swain estate above named, with a knowledge of the plaintiff's rights in the premises, caused a judgment to be entered on the bond accompanying the mortgage referred to and issued an execution thereon, upon which the property was sold and bid in by the attorneys for the said trustees at the bid of $50.00,

of which levy and sale the plaintiff had neither notice or knowledge until some time thereafter. And it is averred that the proceedings on the mortgage were carried on secretly with the intention of depriving the plaintiff of his security under his contract with Conner and his equity in the mortgaged premises. The gas fixtures for part of the houses were not delivered by the plaintiff but were specially manufactured by him and were ready to be attached and were tendered to Connor, but he declined to receive them. The plaintiff thereupon brought suit on the contract for the amount due thereunder and obtained judgment in the sum of $2,846.89, which was the whole amount due the plaintiff under the contract, less $1,181.29 theretofore paid.

In order to protect the title to the lot conveyed to Carson the plaintiff offered to pay off the judgment, interest and costs due on said mortgage, and by the said attorneys was referred to the Central Trust & Savings Company, one of the trustees of the Swain estate, as the party with whom the business should be transacted, and on May 26, 1909, a tender was made by the plaintiff to the trust company of the amount of the judgment, interest and costs due on the mortgage, and at the same time he requested that company to mark the mortgagees' bid at the sheriff's sale to the use of the plaintiff, which offer was not accepted. The plaintiff thereupon filed his bill praying that the defendants be ordered to specifically perform the contract with the plaintiff in relation to the lot conveyed; that the trustees of the Swain estate be enjoined from demanding a deed to the premises from the sheriff to themselves or any other person; that Carson and the trust company be decreed to hold the property in accordance with the terms of the contract as trustees thereunder; that upon payment to the mortgagees of the amount of their claim, Carson be decreed to convey the property to the plaintiff in part payment of the amount due him on his claim; that upon the payment of the sum due on the mortgage the trustee of the Swain estate be directed to tender a deed of the lot conveying the same to the plaintiff, and that upon the payment of the sum due to the mortgagees the

sheriff be directed to execute and acknowledge and deliver to the plaintiff a deed conveying the property to him.

Defendant Conner filed an answer admitting the contract with the plaintiff and the conveyance of the lot to Carson for the purpose set forth in the bill; that the contract price was due to the plaintiff and that judgment had been recovered against him for the full amount thereof. The demurrer was filed several days after the answer by Conner and must be understood to be a demurrer of the other defendants, for the answer of Conner covers the whole bill and the demurrer has the same scope. The answer therefore overrides the demurrer as to Conner. Numerous grounds of demurrer are assigned which may be sufficiently considered without special reference to each. The contentions in support of the demurrer are:

(*a*) That the plaintiff has an adequate remedy at law.

(*b*) That the appellant is not entitled to a specific performance of the contract.

(*c*) That the bill does not exhibit facts upon which the defendants should be declared to hold the property as trustees.

(*d*) That the rights of the holder of the mortgage are superior to those of the plaintiff.

The position of the appellant is that Carson as the representative of the trust company holds the property as trustee for the plaintiff, and that the latter has standing in equity to protect his interest in the property so conveyed by paying the prior mortgage and becoming subrogated to the rights of the mortgagees. It is declared by the plaintiff and admitted by the grantor in the deed to Carson, that the conveyance to the latter was without consideration from Carson or from the trust company, and for the purpose of securing to the plaintiff the payment of the $1,000 on account of which the conveyance to Carson was made, and the contrary is not asserted by anyone; under the pleadings as has been observed Carson and the trust company admit as much. What, then, is to prevent the plaintiff from insisting that the arrangement entered into be carried out according to the understanding and agreement of the parties?

It is argued in support of the demurrer that the Act of April 22, 1856, P. L. 532, which requires all declarations of trust of any lands to be manifested in writing, prevents the complainant from asserting any interest in the property in the hands of Carson. This is equivalent to saying that Carson may dispose of the property without regard to the rights either of the plaintiff or Conner, for the latter having conveyed it for the purpose of paying the plaintiff has parted with his whole title; and this, too, notwithstanding the fact that Carson procured the title because of confidence reposed in him and the trust company that it should be held in accordance with the agreement between the plaintiff and Conner. It is manifest that except for this confidence he would not have received the conveyance. He had no control over the property, and there was no reason why it should have been conveyed to him, except to secure the result which the plaintiff now insists should be brought about. If the plaintiff has no grip on the property it is gone beyond his reach or that of the grantor. As the conveyance was without consideration and the circumstances show that it was not intended that the grantee should take beneficially, the law does not permit a consequence so inequitable to occur. A denial of the plaintiff's rights by Carson would be a breach of the confidence reposed in him and therefore an act of bad faith and fraudulent. This would bring the case within the proviso of the fourth section of the act of 1856, which provides that where any conveyance shall be made of lands or tenements by which a trust or confidence shall arise by implication or construction of law, such trust or confidence will have like force and effect as if the act had not been passed: Seichrist's App., 66 Pa. 237; Squires's App., 70 Pa. 266; Roth v. Humrich, 76 Pa. 128; Goodwin v. McMinn, 193 Pa. 646; Bisph. Eq. (5th ed.), secs. 79, 80. Moreover, the plaintiff paid a valuable consideration for the title placed in the hands of Carson. The presumption is that he was unwilling to furnish the material and do the work which Conner required without the security provided for. Material to the value of $1,000 was advanced to Conner on the faith of this title.

The case presents something more than a mere agreement that Carson should take the title.

If, then, the plaintiff has an interest in the property in question he has standing to apply for subrogation to the rights of the mortgagees. Their interest in the property is that their debt may be paid. The exigency of the plaintiff's situation is that unless he pay the mortgage the property will be swept away from him. It is true, as contended by the appellee, that the rights of the mortgagees are superior to those of the appellant, but this is only to the extent that their debt be first paid. When they receive the amount due to them and the costs of the proceedings, they have no other claim on the property than that secured by the bid at the sheriff's sale. A legal tender of the whole amount of their debt, with interest and costs, has been made to them as set forth in the bill, and when they receive this they ought not to be permitted to contend that they have any further interest in the property, in view of the allegations in the bill, one of which charges a secret combination of the defendants in prosecuting the suit on the mortgage with the intention to deprive the plaintiff of his interest in the premises. While a purchaser at sheriff's sale may have what has been called an "inceptive" interest, his contract with the sheriff is imperfect and the proceeding is subject to the control of the court. But as between the sheriff's vendee and the debtor he is without title or interest until acknowledgment and delivery of the deed, and up to that time the debtor tendering the amount of the execution and costs may avoid the sale, if he was without other fault than a failure to make prompt payment of the claim, in which case the court would probably decline to take an acknowledgment of the deed: Collins v. Assurance Corp., 165 Pa. 298; Hall v. Benner, 1 P. & W. 402; Garrett v. Dewart, 43 Pa. 342; Scheerer v. Stanley, 2 Rawle, 276.

The plaintiff now having the equity in the property is in the place of the debtor with reference to the right to discharge the obligation.

It is argued in behalf of the appellee that the deferred pay-

ment of $1,000 never became due; that the plaintiff's claim was for a breach of contract and that the conveyance to Carson was not made nor agreed to be made to secure the plaintiff for damages arising from a breach of contract, but it is specially averred in the amendment to the bill that the plaintiff brought an action on the contract and recovered judgment for the amount due him on the contract. This is a sufficiently broad averment to cover proof of either complete or substantial performance, and as that averment of the bill is admitted by the defendant Conner, the other defendants have no interest in the subject and should not be permitted to set up that defense.

It is further contended that the conveyance to Carson is within the Act of June 8, 1881, P. L. 84, which declares that a defeasance to an absolute deed must be in writing and must be recorded, but we do not consider this statute applicable to the facts here set up. The deed was absolute and was so intended. It put the title out of Conner for the purpose of enabling the plaintiff to realize on the security. The evident intention was that the property should be sold and the proceeds applied to the discharge of the obligation. There was no provision for the return of the property to the grantor. If any of the purchase money remained after payment of the plaintiff, Conner could only claim that surplus.

Has the plaintiff an adequate remedy at law? His action on the contract is not the limit of his remedies. One thousand dollars became due under his contract when the building operation was completed. The provision for security for this payment is not inconsistent with the general obligation of Conner under the contract. An action against the debtor is not a bar to a proceeding to secure payment from collateral security: Hawley v. Hampton, 160 Pa. 18.

An action at law would be wholly inadequate to reach the property which has been set apart as the plaintiff's security. If the sheriff's deed is delivered to the purchaser nothing remains for the plaintiff. It is not the case of VanSciver v. Churchill, 215 Pa. 53. There the property had been sold and converted into money by the trustee who had a right to make

the sale.  The prayer of the bill was that a portion of the purchase money be set aside or paid into court.  On this state of facts the court held that the plaintiff's remedy was an action at law for money had and received for his use.  In that case, too, there were inconsistent averments in the bill and if the averment of the sixth paragraph was true no trust was created.

Taking the case as it is now presented to us, all of the averments of the bill being assumed to be true, we are of the opinion that a trust has been shown as to the property in question, in David R. Carson, in favor of the plaintiff; that the latter is entitled to protect his interest therein by payment of the mortgage, and the interest and costs due thereon, in which event he should be subrogated to the rights of the mortgagees, and that the only adequate relief is by injunction and a decree enforcing the trust.

The decree is therefore reversed and the bill reinstated, and it is directed that the record be remitted to the court below for further proceedings according to equity practice, and it is further ordered that the costs of this appeal be paid by the appellee.