## Greene, Admr., v. Pilch et ux.

*William Ginsburg*, for plaintiff.
*Abraham Wernick*, for defendant.

LEWIS and CARROLL, JJ., June 25, 1945.—This case is before us on preliminary objections to the second amended bill of complaint.

We conclude that the preliminary objections are good as to that portion of the bill relating to the so-called heirlooms. The bill avers that plaintiff's decedent, Rebecca Bell, had in her possession at the time of her death certain articles of personal jewelry, fur coats, and other wearing apparel, which she had indicated she wished to be distributed in kind among her three children after her death; that the defendant daughter Fannie Pilch and her husband, Albert Pilch, took possession of these articles of personal property after decedent's death, and are withholding them from the administrator and from the wife's two brothers. We must accept the averments of the bill as true, and hence, as the articles were in the possession of decedent at her death, the administrator should act through the orphans' court, whose jurisdiction is exclusive under the circumstances.

As to the averments of the bill setting up an oral trust of the proceeds of real estate, which real estate had been conveyed by decedent in 1934 to defendants *in trust*, and which was sold by defendants on July 3, 1943, for a cash consideration, we think the objections must be adjudged insufficient and we make that decision. It is averred in the bill that decedent was in possession of the real estate at all times after the conveyance until the sale; she paid all the taxes and other

charges thereon and received all the rents and profits therefrom; the terms of the trust were that defendants should pay over to decedent all the rents, issues, and profits from the real estate that might come into their hands and the proceeds of any sale thereof. Accepting these averments as facts, laches does not bar the action, the beneficiary of the trust having been in possession: Fitzpatrick v. Fitzpatrick, 346 Pa. 202. The statute of frauds does not apply to such a trust where the action of the trustee amounts to fraud: Seichrist's Appeal, 66 Pa. 237. The administrator has the right to an accounting by defendants for all rents and profits and for the proceeds of the sale and any income therefrom.